OPINION
{¶ 1} William Frederick Johnson pled guilty in the Champaign County Court of Common Pleas to various charges, including escape, for which he was sentenced to the maximum term of five years of imprisonment. He appeals from his sentence on the escape charge.
 {¶ 2} Johnson was charged with eleven counts in three indictments dated September 20, 2001, October 16, 2001, and November 15, 2001. On January 10, 2002, Johnson pled guilty to aggravated menacing, assault on a peace officer, receiving stolen property, aggravated possession of drugs, escape, and vandalism. The remaining charges were dismissed with prejudice. He was sentenced on the same date to six months for aggravated menacing, seventeen months for assault on a peace officer, eleven months for receiving stolen property, eleven months for aggravated possession of drugs, five years for escape, and eleven months for vandalism. These sentences were ordered to be served concurrently. Johnson was also sentenced to one year for violating community control, and that sentence was ordered to be served consecutively to the above sentences. Johnson appeals from the maximum sentence of five years on the escape charge, which stemmed from an incident in which he walked out of a hospital in which he was being treated while he was in police custody. He was found hiding in the bushes outside.
 {¶ 3} Johnson raises one assignment of error on appeal.
 {¶ 4} "The court erred in imposing a maximum sentence on the defendant for count 10 of the indictment."
 {¶ 5} At the time of the commission of the relevant offense, R.C.2929.14(C) provided:
 {¶ 6} "Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 7} Johnson confines his argument to whether he committed the worst form of the offense of escape. We would agree with Johnson that he did not. However, the trial court based its imposition of the maximum sentence for escape upon its finding that Johnson posed the greatest likelihood of committing future crimes. In the Journal Entry of Judgment, Conviction and Sentence, the trial court stated:
 {¶ 8} "The longest term in * * * Count 10 of 2001 CR 204 [the escape charge] is appropriate because the offender poses the greatest likelihood of committing future crimes. Such determination is made after a review of Defendant's criminal history including the type of crimes, the number of crimes and Defendant's failure to seek Court-ordered treatment for Defendant's substance abuse problems."
 {¶ 9} The trial court's finding that Johnson posed the greatest likelihood of recidivism was supported by the record. Johnson pled guilty to six charges on January 10, 2002 alone. At the time he committed those offenses, he was under community control sanctions for a previous conviction for assault on a peace officer in which he stabbed a police officer in the leg with a knife. While on community control, he had failed to obtain court-ordered drug treatment. Although the nature of other past charges is not clear from the record before us, it is apparent that Johnson has a past criminal history with which the trial court had familiarity. He was also facing charges in Clark County for "tampering with evidence and drug paraphernalia, drug abuse" at the time of his sentencing in this case. Furthermore, Johnson admitted that he had intended to leave the state at one time. We believe that these facts were sufficient to support the trial court's finding that Johnson posed the greatest likelihood of committing future crimes. Accordingly, the court did not err in imposing the maximum sentence upon Johnson for the crime of escape.
 {¶ 10} The sole assignment of error is overruled.
 {¶ 11} The judgment of the trial court will be affirmed.
BROGAN and GRADY, JJ., concur.